UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FAMILY PRODUCTIONS AGENCY, LLC, | 3:04-cv-00437-HDM-VPC |
| Plaintiff, | |
| vs. | **ORDER** |
| O'SHEA JACKSON aka ICE CUBE, THE FIRM, JAMIE ADLER, and ARTIST'S WORLDWIDE, and DOES I Through X, inclusive, | |
| Defendants. | |

Before the court is defendants O'Shea Jackson ("Ice Cube") and The Firm's Motion for Summary Judgment (Doc. #25). Plaintiff Family Productions Agency, LLC ("Productions") has opposed (Doc. #28) and defendants have replied (Doc. #31).

On March 25, 2004, Productions entered into a contract with Jamie Adler ("Adler") the agent for Artist's Worldwide ("Artist's"), for the group Westside Connection to perform on May 03, 2004, in Reno, Nevada, and on May 04, 2004, in Santa Rosa, California. Westside Connection is a group composed of three individual artists known as Ice Cube, Mack 10, and WC. The contract required

Productions to make two $15,000 deposits, the first on April 05, 2004, and the second after all radio drops were completed. Productions alleges that it mailed the first $15,000 deposit on April 1, 2004, and the second $15,000 deposit on April 12, 2004. On April 13, 2004, Productions alleges that it received a letter from The Firm, Ice Cube's management company, stating that Ice Cube would not be performing on any of the Westside Connection dates booked by Adler and Artist's.[1]  Productions immediately placed stops on both deposit checks, nos. 1321 and 1192, on April 13, 2004.

On April 14, 2004, Adler informed Productions that the concert was on again, and confirmed the same in an email dated April 17, 2004, asking Productions to continue promoting and advertising the show.  Productions also received a letter from The Firm, dated April 20, 2004, confirming that Ice Cube would perform on the Westside Connection tour dates that had been booked by Artist's for the time period between April 28, 2004, and June 03, 2004.  On April 23, 2004, Artist's officially informed Productions that Ice Cube would not be performing.

Productions filed the present lawsuit in the Second Judicial District court for the State of Nevada, alleging state causes of action for breach of contract, negligent misrepresentation, and breach of the covenant of good faith and fair dealing.  Defendants

---

[1] Although The Firm's letter is dated April 14, 2004, Productions alleges that it received the letter on April 13, 2004.

1  Ice Cube and The Firm removed the action to federal court under
2  this court's diversity jurisdiction.  Defendants Ice Cube and The
3  Firm now move this court for summary judgment, contending that they
4  were not parties to the contract and that Adler and Artist's were
5  not authorized to contract on behalf of Ice Cube or The Firm.
6  　　　Summary judgment is appropriate if the court finds "that there
7  is no genuine issue as to any material fact and that the moving
8  party is entitled to a judgment as a matter of law."  Fed. R. Civ.
9  P. 56(c).  A genuine issue of material fact exists if the evidence
10 would allow a reasonable fact-finder to return a verdict for the
11 nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
12 248 (1985).  Courts must view the facts and draw all inferences in
13 favor of the nonmoving party.  Adickes v. S.H. Kress & Co., 398
14 U.S. 144, 157 (1970).  Courts may not resort to speculation.
15 British Airways Board v. Boeing Company, 585 F.2d 946, 952 (9th
16 Cir. 1978).  To defeat a motion for summary judgment, the nonmoving
17 party must introduce sufficient specific evidence to establish the
18 existence of a genuine issue of material fact.  Liberty, 477 U.S.
19 at 249.
20 　　　Productions contends that even if Adler and Artist's were not
21 authorized to contract on behalf of Ice Cube or The Firm, The Firm
22 ratified the contract in its letter dated April 20, 2004.  After
23 reviewing the pleadings and the exhibits attached thereto, the
24 court concludes that material issues of fact exist as to whether
25 the Firm and Ice Cube ratified the contract.
26 //

1  Accordingly, Ice Cube and The Firm's Motion for Summary
2 Judgment (Doc. #25) is DENIED.
3  It is so ORDERED.
4  Dated this 15th day of Deceember, 2005.

_____
SENIOR U.S. DISTRICT JUDGE