**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FAMILY PRODUCTIONS AGENCY, LLC,

    Plaintiff,

vs.

O'SHEA JACKSON aka ICE CUBE, THE FIRM, JAMIE ADLER, and ARTIST'S WORLDWIDE, and DOES I Through X, inclusive,

    Defendants.

3:04-cv-00437-HDM-VPC

**ORDER**

Before the court is defendants Artist's Worldwide ("Artist's") and Jamie Adler's ("Adler") Motion for Summary Judgment (Doc. #24). Plaintiff Family Productions Agency, LLC ("Productions") has opposed (Doc. #29) and defendants have replied (Doc. #32).

On March 25, 2004, Productions entered into a contract with Adler, the agent for Artist's, for the group Westside Connection to perform on May 03, 2004, in Reno, Nevada, and on May 04, 2004, in Santa Rosa, California. Westside Connection is a group composed of three individual artists known as Ice Cube, Mack 10, and WC. The contract required Productions to make two $15,000 deposits, the

1  first on April 05, 2004, and the second after all radio drops were
2  completed.  Productions alleges that it mailed the first $15,000
3  deposit on April 1, 2004, and the second $15,000 deposit on April
4  12, 2004.  On April 13, 2004, Productions alleges that it received
5  a letter from The Firm, Ice Cube's management company, stating that
6  Ice Cube would not be performing on any of the Westside Connection
7  dates booked by Adler and Artist's.[1]  Productions immediately
8  placed stops on both deposit checks, nos. 1321 and 1192, on April
9  13, 2004.

10  On April 14, 2004, Adler informed Productions that the concert
11  was on again, and confirmed the same in an email dated April 17,
12  2004, asking Productions to continue promoting and advertising the
13  show.  Productions also received a letter from The Firm, dated
14  April 20, 2004, confirming that Ice Cube would perform on the
15  Westside Connection tour dates that had been booked by Artist's for
16  the time period between April 28, 2004, and June 03, 2004.  On
17  April 23, 2004, Artist's officially informed Productions that Ice
18  Cube would not be performing.

19  Productions filed the present lawsuit in the Second Judicial
20  District court for the State of Nevada, alleging state causes of
21  action for breach of contract, negligent misrepresentation, and
22  breach of the covenant of good faith and fair dealing.  Defendants
23  Ice Cube and The Firm removed the action to federal court under

---

[1] Although The Firm's letter is dated April 14, 2004, Productions alleges that it received the letter on April 13, 2004.

2

1  this court's diversity jurisdiction.  Defendants Artist's and Adler
2  now move this court for summary judgment, alleging that Productions
3  breached a material element of the contract by failing to make the
4  two required $15,000 deposits, the first of which was due on April
5  5, 2004, and the second of which was due upon completion of the
6  radio drops.

7  Summary judgment is appropriate if the court finds "that there
8  is no genuine issue as to any material fact and that the moving
9  party is entitled to a judgment as a matter of law."  Fed. R. Civ.
10 P. 56(c).  A genuine issue of material fact exists if the evidence
11 would allow a reasonable fact-finder to return a verdict for the
12 nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,
13 248 (1985).  Courts must view the facts and draw all inferences in
14 favor of the nonmoving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398
15 U.S. 144, 157 (1970).  Courts may not resort to speculation.
16 <u>British Airways Board v. Boeing Company</u>, 585 F.2d 946, 952 (9th
17 Cir. 1978).  To defeat a motion for summary judgment, the nonmoving
18 party must introduce sufficient specific evidence to establish the
19 existence of a genuine issue of material fact.  <u>Liberty</u>, 477 U.S.
20 at 249.

21 Productions contends that it stopped payment on the two
22 $15,000 deposit checks only after receiving The Firm's letter,
23 dated April 14, 2004, stating that Ice Cube would not perform.
24 Under Nevada law, payment is excused where the opposing party
25 commits a material breach.  <u>Thornton v. Agassiz Construction, Inc.</u>,
26 799 P.2d 1106, 1108 (Nev. 1990).  "Materiality is generally a

1 question of fact." Id. Material issues of fact exist as to
2 whether Artist's and Adler breached the contract with Productions,
3 and whether Productions was therefore excused from making the
4 payments under the contract.

5 Artist's and Adler also contend, for the first time in their
6 reply, that Productions breached a material element of the contract
7 by failing to tender payment "by cash or cashier's check or wire
8 transfer," as required by the contract.  However, the contract also
9 provides that the method of payment will be by "company check."
10 The court will not consider issues raised for the first time in a
11 reply.

12 Accordingly, Artist's and Adler's Motion for Summary Judgment
13 (Doc. #24) is DENIED.

14 It is so ORDERED.

15 Dated this 15th day of December, 2005.

_____
SENIOR U.S. DISTRICT JUDGE